Bates *v.* Avery.

WINSLOW BATES, administrator, *vs.* LEMUEL T. AVERY.

*Insolvency of estate—what is proper evidence of.   Practice.*

The only proper evidence of the insolvency of the estate of a deceased person is the documentary evidence from the probate office.

But where the report of the evidence shows that the administrator testified without objection, that " the estate was represented insolvent, Aug. 4, 1868; " that "a license from the judge of probate to sell the real estate was issued " on the same day; and the report stipulates that if upon the foregoing facts and evidence, the action is maintainable, a new trial is to be granted, then for the purpose of determining whether or not the action is maintainable, the court will regard the insolvency as an admitted fact.

ON REPORT.

TRESPASS QUARE CLAUSUM, and DE BONIS, and WASTE, set forth in four counts, alleging the trespass on Dec. 2, 1867, and divers other succeeding days.   Writ dated Aug. 13, 1868.   Plea, general issue and brief statement.

1. The defendant says that the plaintiff ought not to have or maintain his action aforesaid, because the alleged trespass was to real estate *quare clausum fregit*, and subsequent to the death of the plaintiff's intestate, as appears by his writ and declaration.

2. The defendant further says, he and those under whom he claims have been in notorious, exclusive, and adverse possession for a period more than twenty years previous to the trespass alleged in plaintiff's writ, and have occupied the same as a wood-lot.

3. The defendant says that he has been in actual possession of the premises, described in the plaintiff's writ and declaration, for the term of six years, before the commencement of this action, and that therefore he is entitled to betterments.

4. That the plaintiff, previous to the commencement of this action, made no demand of the defendant, or those under whom he claims, for the possession of the property described, or gave any notice to the defendant or those under whom he claims.

5. The defendant denies that the plaintiff was duly and legally

appointed administrator, and that he was not a public administrator at the time of commencement of this action.

6. That there was no representation of insolvency, nor commissioners of insolvency appointed, and that there were no debts due from the estate of the said deceased, mentioned in the plaintiff's writ.

7. He denies that plaintiff's intestate ever had any title to said real estate, as described in the plaintiff's declaration.

8. That if any damage or trespass was committed, it was subsequent to the decease of the plaintiff's intestate, and at a time when there was no administrator on said intestate's estate.

The plaintiff put in the title of his intestate, being a deed, dated Nov. 5, 1832, duly acknowledged and recorded.

The plaintiff testified that he was appointed administrator of the estate of Michael Donovan, Jan. 6, 1868. He also testified, without objection, to the acts of trespass; that " the estate was represented insolvent, Aug. 4, 1868," and that " a license from the judge of probate, to sell the real estate, was issued Aug. 4, 1868."

After the evidence was all in, the case was taken from the jury, to be reported to the full court, to settle the law, with the stipulation that " if upon the foregoing facts and evidence the action is maintainable, a new trial is to be granted; otherwise, a nonsuit to be entered."

*J. & G. F. Granger*, for the plaintiff.

*A. M. Nichol*, for the defendant, cited *Drinkwater* v. *Drinkwater*, 4 Mass. 353 ; *Taylor* v. *Townsend*, 8 Mass. 414 ; R. S. c. 66, § 21 ; *Thompson* v. *Dyer*, 55 Maine, 103 ; *Dean* v. *Dean*, 3 Mass. 258.

WALTON, J. An administrator may recover damages, in an action of trespass, of a person committing waste or trespass on the lands of the deceased, when the estate is insolvent. R. S. c. 66, § 20.

But in this case, the defendant denies that there is any evidence that the estate of the deceased is insolvent; he says that the only

proper evidence of insolvency is the documentary evidence from the probate office.

Such is undoubtedly the law; but in this case the administrator was allowed to state without objection, that "the estate was represented insolvent Aug. 4, 1868;" and that "a license from the judge of probate to sell the real estate was issued Aug. 4, 1868;" and the conclusion of the report is, that "if, upon the foregoing facts and evidence, the action is maintainable, a new trial is to be granted; otherwise a nonsuit is to be entered."

In this state of the case, it seems to us that, for the purpose of determining whether or not the action is maintainable, we are to regard it as an admitted fact, that the estate is insolvent.

We see no difficulty in maintaining the action if the estate is, in fact, insolvent.                    *Action to stand for trial.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.